**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MARK I. MANNING, IV,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| vs. | )   No. 3:15-CV-3092-D (BH) |
| | ) |
| **UNNAMED DEFENDANT,** | ) |
|        **Defendants.** | )   **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed September 29, 2015 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On September 23, 2015, the plaintiff filed this mandamus action. (*See* doc. 1.) By order dated September 23, 2015, he was notified that he had neither paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He submitted an IFP application on September 29, 2015. (*See* doc. 5.) On October 1, 2015, the Court found that the application reflected enough assets with which to pay the $400 filing fee and gave the plaintiff fourteen days to pay it. (*See* doc. 6). The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case be dismissed. *Id.* More than fourteen days have passed, but the plaintiff has not paid the fee, although he has filed a *Writ of Error* that appears to object to the finding that he has sufficient assets with which to pay the filing fee. (*See* doc. 7.)

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application reflects monthly income of $1200 and monthly expenses of $700. (doc. 5.) It also reflects more than $3700 in a checking account. The plaintiff lists no dependants. Because his monthly income exceeds his monthly expenses, and he has $3700 in a checking account, he has not shown that payment of the filing fee will result in "undue financial hardship." His information shows that he has sufficient resources available to pay the filing fees. The plaintiff has not shown that he will suffer undue financial hardship after payment of the $400.00 filing fee, and his application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated October 1, 2015, the plaintiff was given fourteen days to pay the filing fee. He was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma*

*pauperis* be denied, and that the case be dismissed. Because he failed to comply with an order that he pay the filing fee because he had sufficient assets with which to do so, his case should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 27th day of October, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3